FAHRNEY v. STACK.

1. TAXATION—EMERGENCY RELIEF STATUTE FOR DELINQUENT TAXPAYERS.

Statute authorizing payment of delinquent taxes in 10 equal annual instalments was adopted as an emergency measure for relief of delinquent taxpayers (Act No. 126, Pub. Acts 1933).

2. SAME—INSTALMENT PAYMENT OF DELINQUENT TAXES—SCHOOL TAXES.

Taxpayer had right to make specific payment of school taxes and require acceptance thereof by auditor general under statute requiring latter to return to county treasurers all taxes for 1931 and prior years not paid, sold, redeemed or canceled and providing for instalment payment thereof but not precluding "payment of the whole or any part of said taxes (Act No. 126, Pub. Acts 1933)."

Mandamus by H. L. Fahrney and others to compel John K. Stack, Jr., Auditor General, to accept payment of school taxes on returned delinquent tax roll and receipt therefor. Submitted January 2, 1934. (Calendar No. 37,535.) Writ allowed January 30, 1934.

*George B. Hartrick,* for plaintiffs.

*Patrick H. O'Brien,* Attorney General, and *M. Thomas Ward,* Assistant Attorney General (*George Faulkes,* of counsel), for defendant.

*A. L. Moore, amicus curiæ.*

BUTZEL, J. Plaintiffs H. L. Fahrney and Grace C. Cowen are the owners of property in the city of Royal Oak, Oakland county, Michigan. Plaintiff School District of the city of Royal Oak, Oakland county, Michigan, a municipal corporation, is interested in maintaining its public schools and the collection of taxes levied for that purpose. Plaintiff Michigan Tax Adjustment Bureau, Inc., is a Michigan corporation whose purpose is to assist taxpayers in the adjustment and payment of taxes.

The State had bid in Fahrney's property for the unpaid taxes for the year 1929 and Cowen's for those of 1931. In October, 1933, the petitioners sought to make specific payment solely of the school taxes of the city of Royal Oak, which were included in the items making up these unpaid taxes. Under the general tax laws prior to 1933, it was permissible to pay any one of the several taxes on any parcel or description of land both prior to and after the return of the lands for unpaid taxes, but before their sale by the State. See 1 Comp. Laws 1929, §§ 3444, 3449, 3450.

However, the auditor general refused to accept the amounts so tendered on the ground that under Act No. 126, Pub. Acts 1933, such delinquent taxes could be paid only in general instalments of 10 per cent. of the entire amount due and in no other manner. It is his contention that any other construction would lead to difficulties in accounting, as well as in the proper apportionment of the balances from time to time, and would create much confusion and possible errors in computation. Plaintiffs contend, however, that the act was remedial and for the very purpose of enabling the payment of the school tax, or any other part of the taxes.

The query in the instant case has been narrowed down to whether, under the 1933 statute, petitioners may, at any time before the taxes are again sold, pay such particular special items as they may designate.

The statute in question was adopted as an emergency measure to offer relief to delinquent taxpayers. It provides in section 2 that the auditor general shall return to the county treasurer all general and special assessment taxes for the year 1931 and prior years not theretofore cancelled, paid, sold or redeemed; that a special roll shall be maintained in the office of the several county treasurers termed the "returned delinquent roll," in the preparation of which the tax should be "spread in separate columns *in a manner to correspond with the original levy of said taxes and special assessments,* but without the addition of collection fees, interest or penalties."

Section 3 of the same act declares that these taxes *may* be paid "in 10 equal annual instalments on or before September 1, 1935, and annually thereafter," with interest at four per cent. per annum on each instalment from September 1, 1935, until the date

of the several payments. But it is further provided that:

"The return of such delinquent taxes and special assessments as herein provided *shall not preclude the payment of the whole or any part* of said taxes and special assessments, either to the auditor general or to the county treasurer * * * at any time prior to the time of payment specified and provided for in this act."

This does not limit the payment to one or more of the 10 per cent. instalments.

The effect of the act was to restore the lands bid in by the State for unpaid taxes for 1931 and prior years to the status they were in when the taxes were merely delinquent and as yet unsold, interest and other charges being cancelled thereon. The statute also re-spread the payment of such delinquent taxes under certain conditions over a period of 10 years from September 1, 1935, at the same time by its express language preserving to the taxpayer the right he had under prior statutes to pay separately such specific items or parts as he desired.

It is not within our province to state any formula for the collection of balance of payments when the taxpayer exercises this right to pay a specific item; nor do we overlook the difficulties that may arise. We must give a fair meaning to the words of the law, as adopted. It plainly gives the taxpayer the right to pay the whole or any part of the taxes at the time hereinbefore stated. This right cannot be denied to the plaintiffs. It is only within the province of the legislature to change the law.

Taxpayers frequently desire to pay certain items of the taxes and defer or contest payment of others. In the present instance, the parties might want to pay the school taxes so as to relieve the financial

distress in which many school districts find themselves, as a result of the very conditions which prompted the adoption of the emergency measure under consideration.

The auditor general is directed to accept the school taxes as tendered, or else immediately return the roll to the county treasurer where they may be paid. If this is not done within 20 days from the time of the handing down of this opinion, mandamus will issue.

The question is a public one and there will be no costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.