KAGE *v.* GORDON OIL CO.

1. TAXATION—CANCELLATION OF TAX SALE—INSTALMENT PAYMENT.
Failure to return to county authorities land that had been sold at the 1932 tax sale for collection under an instalment plan as required by emergency legislation enacted in 1933 rendered void the sale for unpaid taxes (Act No. 126, Pub. Acts 1933, as amended).

2. SAME—TAX SALE—MISDESCRIPTION.
Since it is not permissible for a court, in determining the validity of a tax sale, to go back to the assessment roll to solve a question of description nor identify by intention, the misdescription of the "E. ½ of the N. E. ¼" of a designated section in public notice of sale as the "E. ½ of the N. E. ½" being void as to a private bidder was also void when bid in by the State.

3. SAME—TAX SALE—MISDESCRIPTION—JURISDICTION.
Misdescription in notice of tax sale being a description containing 160 acres which failed to identify separately and accurately an 80-acre parcel of land assessed to plaintiffs was fatal to jurisdiction of the court as to such parcel and resulted in rendering the tax sale void.

4. COSTS—AUDITOR GENERAL—PUBLIC QUESTION.
No costs are allowed upon affirmance of judgment for plaintiff in action of ejectment in which the auditor general was a defendant and a public question was involved.

Appeal from Osceola; Neal (Max E.), J. Submitted June 18, 1943. (Docket No. 13, Calendar No. 42,232.) Decided October 11, 1943.

Ejectment by Herman W. Kage and others against Gordon Oil Company, an Ohio corporation,

and others to recover possession of land. Judgment for plaintiff. Defendants Gordon Oil Company, Stephen J. Bolger, Vernon J. Brown, Auditor General, and Department of Conservation appeal. Affirmed.

*Warner, Norcross & Judd* and *Joseph Shulsky,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Elbern Parsons* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants Auditor General and Department of Conservation.

WIEST, J. In 1932 plaintiffs' land was sold for unpaid taxes and bid in by the State. No redemption was made. Again, in 1938, the premises were sold for unpaid taxes and bid in by the State and, there being no redemption, were, in 1941, sold to the township, reserving, however, all mineral rights. The mineral rights were leased by the conservation department for oil developments and so used. In September, 1941, plaintiff brought this action in ejectment to recover possession on the ground that the tax moratorium, Act No. 126, Pub. Acts 1933, together with its amendments (Comp. Laws Supp. 1940, § 3551–4 *et seq.,* Stat. Ann. and Stat. Ann. 1942 Cum. Supp. § 7.231 *et seq.*), cancelled the 1932 tax sale and required return to county authorities for collection of the taxes under an instalment plan. This was not done and under our holding in *Fahrney* v. *Stack,* 265 Mich. 657, the sale was void.

At the 1938 tax sale the premises were misdescribed. The right description is the "E. ½ of the N. E. ¼" of a designated section but described in

the public notice of sale and sold as the "E. ½ of the N. E. ½" of the designated section. The assessment roll and proceedings thereon up to publication of the notice of sale carried the right description of the premises and the mistake was evidently a printer's error. The premises consisted of 80 acres of land. The sale had was of some part of 160 acres of land. What 80 acres of land did the State acquire when it bid in the property at the sale as published and made?

We may not go back to the assessment roll to solve the question nor, as in the instance of private sales, identify by intention. If it be said that the published description included the plaintiffs' 80 acres it would be void for misdescription as to a private bidder and no less so when bid in by the State.

As said by counsel for plaintiff:

"The latter description (misdescription) did not identify any particular area of land whatsoever, and, being a description containing 160 acres, certainly did not separately and accurately identify the 80-acre parcel of land of appellees as assessed. This failure to separately and accurately identify the land of appellees in the published notice of sale was fatal to jurisdiction and resulted in the tax sale proceedings being null and void."

At the hearing in the circuit court plaintiff had judgment of ouster of occupants of the land.

The township grantee subject to the mineral rights did not appear and its default was taken. By stipulation it is agreed that the appellants Gordon Oil Company and Stephen J. Bolger be dismissed as parties in the case without costs. It is so ordered.

The judgment is affirmed, without costs, the auditor general being a defendant and a public question being involved.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.